**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **RAIDEL BLANCO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-229-KC** |
| | § | |
| **PAMELA JO BONDI et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered Raidel Blanco's Petition for a Writ of Habeas Corpus, ECF No. 3.  Blanco has been in immigration detention continuously since May 2, 2025, and is currently detained at the ERO El Paso Camp East Montana facility in El Paso, Texas.  *Id.* ¶ 2; *id.* at 5, 10.  He argues that his detention is unlawful and asks the Court to order his immediate release or a bond hearing.  *Id.* ¶¶ 13, 15; *id.* at 10–11.

Generally, when a noncitizen is ordered removed from the United States, removal should occur within ninety days.  8 U.S.C. § 1231(a)(1)(A).  That removal period ordinarily begins when the noncitizen is subject to a final order of removal.  *See id.* § 1231(a)(1)(B).  During this removal period, "the Attorney General shall detain the alien."  *Id.* § 1231(a)(2)(A).  The removal period may be extended in at least three circumstances.  Relevant here, a noncitizen may be detained beyond the removal period if he is "(1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order."  *Johnson v. Guzman Chaves*, 594 U.S. 523, 528–29 (2021) (citing 8 U.S.C. § 1231(a)(6)).

If any of these grounds apply, the statute imposes no limit on the time a person may be detained.  Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem" the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal.  *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001).  This period is presumptively six months.  *Id.* at 701.  After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen.  *Id.*

On January 30, 2026, the Court ordered Respondents to show cause why Blanco's Petition should not be granted.  Jan. 30, 2026, Order, ECF No. 2.  Respondents filed their Response, ECF No. 7, arguing that Blanco's continued detention is lawful because his "removal to Cuba or to a third country is, in fact, significant[ly] likely in the reasonably foreseeable future."  *Id.* at 2.  They stated that Blanco was "tentatively scheduled for removal to Cuba in early March."  Decl. Angelo Garite ("Garite Decl.") ¶ 12, ECF No. 9.  And that he was also "offered third country removal to Mexico pending efforts to remove [him] to Cuba, but [he] refused."  *Id.* ¶ 9.  And on February 1, Blanco "made a fear claim of going to Mexico."  *Id.* ¶ 11.

The Court thus ordered Respondents to provide a status report stating (1) whether Blanco was removed to Cuba, and if not, the expected timeline for his removal and any obstacles; (2) whether Blanco could be lawfully removed to Mexico without his consent and despite his fear claim, and if not, whether Blanco had consented to removal to Mexico and his fear claim found unreasonable, and the expected timeline for his removal; (3) whether a third country had been identified for Blanco's removal, and if not, the expected timeline for identification; and (4)

2

whether a travel document request had been submitted to the identified third country, and if not the expected timeline for submission, and if so, the expected response timeline. *See* Feb. 19, 2026, Order 2, ECF No. 10.

Despite previously representing to the Court that Blanco was tentatively scheduled for removal to Cuba in March, Respondents now state that, as of November 15, 2025, they were informed that the Government of Cuba had denied Blanco's request for repatriation. *See* 2d Decl. Angel Garite ("2d Garite Decl.") ¶ 10, ECF No. 12-1. As for Blanco's removal to Mexico, after claiming fear, Blanco was referred to a United States Citizenship and Immigration Services Asylum Office, who issued a negative fear finding. *Id.* ¶¶ 12–13. Thereafter, Respondents attempted to remove Blanco to Mexico, but "he refused." *Id.* ¶ 15. On March 1, 2026, "ERO Florence advised ERO Miami that Mexico would not accept Blanco as failure to comply with removal." This was confirmed on March 5. *See id.* ¶ 20. Respondents state that they "will continue . . . to seek another third country removal." *Id.* ¶ 22. They do not, however, identify any other third country, provide a timeline for identification, or a timeline for Blanco's removal from the United States. *See generally id.*; 2d Response, ECF No. 12.

Blanco has been detained for seven months since he became subject to a final order of removal. Blanco cannot be removed to Cuba, because he has been denied repatriation, and he will not consent to be removed to Mexico. Thus, Blanco meets his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 689–90. Respondents must rebut this showing by either demonstrating that Blanco's removal is likely in the reasonably foreseeable future or deporting him.

Respondents concede that they cannot remove Blanco to Cuba and that Mexico will not accept Blanco without his consent.  Respondents have not identified any other country for removal.  Nor have they identified a timeline for identification, let alone a timeline for Blanco's removal from the United States.  Nevertheless, they state that they will continue to seek removal to another third country.  Therefore, the Court affords Respondents a final opportunity to remove Blanco from the country.  If they do not do so in two weeks, then they have failed to carry their burden of proving that his removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at \*5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART** on due process grounds.  *See id.*  The Court **ORDERS** that, **on or before April 6, 2026**, Respondents shall either (1) **REMOVE** Blanco from the United States through lawful means; or (2) **RELEASE** Blanco from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before April 6, 2026**, Respondents shall **FILE** notice informing the Court whether Blanco has been removed from the country.  If Blanco has not been removed from the country, Respondents shall inform the Court whether Blanco has been released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the April 6, 2026, deadlines.**

**SO ORDERED**.

**SIGNED this 23rd day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE